## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 14, 2005

The Honorable Mike Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002

Opinion No. GA-0367

Re: Whether Harris County Animal Control must provide to a private corporation that contracts with the City of Houston information made confidential under chapter 826 of the Health and Safety Code (RQ-0338-GA)

Dear Mr. Stafford:

You ask whether Harris County Animal Control ("HCAC") must provide to a private corporation that contracts with the City of Houston (the "City") information made confidential under chapter 826 of the Health and Safety Code.[1]

## I. Background

The Rabies Control Act of 1981, chapter 826 of the Health and Safety Code, provides that the Texas Board of Health[2], "or its designee, with the cooperation of the governing bodies of counties and municipalities, shall administer the rabies control program established by this chapter." TEX. HEALTH & SAFETY CODE ANN. § 826.011(a) (Vernon 2003). Chapter 826 "and the rules adopted by the [State Board of Health] under this chapter are the minimum standards for rabies control." *Id.* § 826.012. "The governing body of a municipality or the commissioners court of a county may adopt this chapter and the standards adopted by the board." *Id.* § 826.013. A commissioners court "may adopt ordinances or rules that establish a local rabies control program in the county and set local standards that are compatible with and equal to or more stringent than the program established by this chapter and the rules adopted by the board." *Id.* § 826.014(a). Ordinances or rules adopted by a commissioners court "supersede this chapter and the rules of the board within that county so that dual enforcement will not occur." *Id.* § 826.014(b). Like a county, a municipality may, by ordinance or rule, establish a local rabies control program "and set local standards that are compatible with and equal to or more stringent than: (1) the ordinances or rules

---

[1]*See* Letter from Marva Gay, Assistant County Attorney, Harris County, to Honorable Greg Abbott, Texas Attorney General (Apr. 11, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us).

[2]Now a part of the Health & Human Services Commission (*see* Act of June 2, 2003, 78th Leg., R.S., ch. 198, H.B. 2292, §§ 1.01-.09, 2003 Tex. Gen. Laws 611); we refer herein to the former designation.

adopted by the county in which the municipality is located; and (2) the program established by this chapter and the rules adopted by the board." *Id.* § 826.015(a). Ordinances or rules adopted by a governing body of a municipality "supersede ordinances or rules adopted by the county in which the municipality is located, this chapter, and the rules of the board within that municipality so that multiple enforcement will not occur." *Id.* § 826.015(b). Thus, a municipality's ordinances and rules with regard to rabies control supersede chapter 826, Board of Health rules, and county ordinances and rules, provided that the municipality's ordinances and rules are at least as stringent as, *inter alia*, chapter 826 of the Health and Safety Code and the county ordinances and rules.

Section 826.031 of the Health and Safety Code authorizes "[t]he governing body of a municipality . . . [to] adopt ordinances or rules under Section . . . 826.015 requiring the registration of each dog and cat within the jurisdiction of the municipality . . . ." *Id.* § 826.031(a). In addition, "[t]he enforcing agency may collect a fee set by ordinance for the registration of each dog or cat and may retain the fees collected." *Id.* § 826.031(c). Section 826.021 provides:

> (a) Except as otherwise provided by board rule, the owner of a dog or cat shall have the animal vaccinated against rabies by the time the animal is four months of age and at regular intervals thereafter as prescribed by board rule.

> (b) A veterinarian who vaccinates a dog or cat against rabies shall issue to the animal's owner a vaccination certificate in a form that meets the minimum standards approved by the board.

> (c) *A county or municipality may not register or license an animal that has not been vaccinated in accordance with this section.*

*Id.* § 826.021 (emphasis added).

Pursuant to its authority under chapter 826, the City by ordinance requires, with certain exceptions, that "[n]o person shall own, keep, possess, or have control over any dog or cat within the city unless such person has a current city license for such dog or cat." HOUSTON, TEX., ORDINANCES, art. IV, Div. 1, § 6-86(a) (1985). The ordinance states that "[a] person may obtain a license for a cat or a dog . . . by completing the appropriate application therefor, paying the prescribed license fee, and furnishing proof of vaccination against rabies." *Id.* § 6-86(c). Another provision declares that "[n]o animal license shall be issued unless there is exhibited to the licensing authority a certificate by a veterinarian showing that the animal to be licensed has been inoculated with a rabies vaccine approved by the U. S. Department of Agriculture's Veterinary Biologics Division in accordance with the recommendations of the manufacturer, and that such vaccination will not expire prior to the issuance of the license." *Id.* § 6-91.

You indicate that HCAC "has received a letter from PetData, Inc. ('PetData'), which apparently has a contract with the City of Houston Bureau of Animal Regulation and Care . . . to collect animal licensing fees. PetData is requesting that [HCAC] periodically submit to PetData a

record of each rabies vaccination administered to dogs and cats owned by residents of the City of Houston, including the owner's name, address, and phone number."[3]  You contend that HCAC is prohibited from releasing such information to PetData by section 826.0211 of the Health and Safety Code, which provides the following:

> (a)  Information contained in a rabies vaccination certificate or in any record compiled from the information contained in one or more certificates that identifies or tends to identify an owner or an address, telephone number, or other personally identifying information of an owner of a vaccinated animal is confidential and not subject to disclosure under Chapter 552, Government Code [the Public Information Act].[4]
>
> (b)  *The information may be disclosed only to a governmental entity for purposes related to the protection of public health and safety.* A governmental entity that receives the information, including a county or municipality that registers dogs and cats under Subchapter D, must maintain the confidentiality of the information, may not disclose the information under Chapter 552, Government Code, and *may not use the information for a purpose that does not directly relate to the protection of public health and safety.*
>
> (c)  A person commits an offense if the person distributes information that is confidential under this section. An offense under this subsection is a misdemeanor punishable by:
>
> > (1)  a fine of not more than $1,000;
> >
> > (2)  confinement in the county jail for not more than 180 days; or
> >
> > (3)  both the fine and confinement.

Act of May 25, 2005, 79th Leg., R.S., ch. 1235, § 1, 2005 Tex. Sess. Law Serv. 3993, 2993 (to be codified as amended TEX. HEALTH & SAFETY CODE ANN. § 826.0211) (emphasis added).

---

[3]*See* Brief from Marva Gay, Assistant County Attorney, Harris County, to Honorable Greg Abbott, Texas Attorney General, at 1 (April 11, 2005) (on file with Opinion Committee) [hereinafter Brief].

[4]Subsection (a) was the only provision in section 826.0211 that was amended in the Seventy-ninth Legislative Session.

In your view, PetData is not a governmental entity under subsection (b) of section 826.0211. Nor, you contend, is PetData collecting the information for purposes "relate[d] to the protection of public health and safety;" rather, you state that "PetData appears to operate solely as a collection agent for the City. PetData is seeking confidential owner information to generate revenue for the City of Houston by collecting a license fee from owners of already-vaccinated dogs and cats. Collecting and generating revenue is a purpose that may not 'directly relate to the protection of public health and safety' as is required by sections 826.0211(b) and 826.0311(b) of the Health and Safety Code." *See* Brief, *supra* note 2, at 4.

## II.    Analysis

As we have noted, municipal ordinances or rules regarding a rabies control program supersede both ordinances and rules adopted by a county and rules promulgated by the State Board of Health, provided that such ordinances and rules are at least as stringent as the standards set forth in chapter 826 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 826.015(b) (Vernon 2003). One of the provisions found in chapter 826 is the prohibition against disclosure of information contained in a rabies vaccination certificate to anyone other than a "governmental entity." *See id.* § 826.0211 (b). You argue that, even if HCAC is required to disclose the information contained in a rabies vaccination certificate to the City itself, it need not disclose that information to PetData, which, as a private corporation and mere agent of the city, is not a "governmental entity." Moreover, you contend, such disclosure to PetData is prohibited by section 826.0211(b) of the Health and Safety Code, and that statute prescribes criminal penalties for its violations. *See* Brief, *supra* note 2, at 3-4.

The term "governmental entity" is not defined in chapter 826 of the Health and Safety Code. The term is, however, defined in numerous other Texas statutes. *See, e.g.,* TEX. FAM. CODE ANN. § 101.014 (Vernon 2002) ("'governmental entity' means the state, a political subdivision of the state, or an agency of the state"); TEX. GOV'T CODE ANN. § 572.056(c) (Vernon 2004) ("'governmental entity' means the state, a political subdivision of the state, or a governmental entity created under the Texas Constitution or a statute of this state"); *id.* § 2058.001(c) (Vernon 2000) ("'governmental entity' means the state or an agency or political subdivision of the state"); TEX. LAB. CODE ANN. § 91.001(9) (Vernon Supp. 2004-05) ("'governmental entity' means this state, or an agency, county, or municipality of this state"); TEX. TRANSP. CODE ANN. § 441.001(4) (Vernon 1999) ("'governmental entity' means a municipality, a county, or the department [of Transportation]"). We have found no instance in which the term "governmental entity" has been defined to include a private company. Thus, we agree that PetData is not a "governmental entity" as that term is used in section 826.011(b) of the Health and Safety Code.

It has been suggested,[5] however, that the following provision authorizes the county to disclose to PetData, as an agent for the City, the information contained in a rabies vaccination certificate and made confidential by section 826.0211 of the Health and Safety Code. Section 826.016 of the Health and Safety Code provides:

---

[5] *See* Brief from Christopher A. Richey, President, PetData, to Honorable Greg Abbott, Texas Attorney General, at 6 (May 26, 2005) (on file with Opinion Committee).

> The governing body of a municipality and the commissioners court of a county may enter into contracts or agreements with public or private entities to carry out the activities required or authorized under this chapter.

TEX. HEALTH & SAFETY CODE ANN. § 826.016 (Vernon 2003). This provision is an affirmative grant to local governments to enter into contracts "to carry out the activities required or authorized under this chapter." *Id.* One of the activities authorized by chapter 826 is the registration and licensing of animals. *See id.* § 826.031(a) (governing body of a municipality may adopt ordinances or rules requiring the registration of dogs and cats). Section 826.016 does not, in our view, furnish the authority to ignore a specific *prohibition* of chapter 826, i.e., that information contained in a rabies vaccination certificate that identifies or tends to identify a pet owner may be disclosed *only* to another "governmental entity."

We conclude that, because PetData is not a "governmental entity," Harris County Animal Control is prohibited from disclosing to PetData any "information contained in a rabies vaccination certificate or in any record compiled from the information contained in one or more certificates that identifies or tends to identify an owner or an address, telephone number, or other personally identifying information of an owner of a vaccinated animal." *Id.* § 826.0211 (a).[6]

---

[6]*See supra* note 3.

## S U M M A R Y

Because PetData is not a "governmental entity," Harris County Animal Control is prohibited from disclosing to PetData any "[i]nformation contained in a rabies vaccination certificate or in any record compiled from the information contained in one or more certificates that identifies or tends to identify an owner or an address, telephone number, or other personally identifying information of an owner of a vaccinated animal is confidential and not subject to disclosure under Chapter 552, Government Code."

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee